**UNITED STATES COURT OF APPEALS**

**January 3, 2012**

**TENTH CIRCUIT**

ANTHONY R. BRANCH,

  Petitioner-Appellant,

v.

BRUCE HOWARD, Warden,

  Respondent-Appellee.

No. 11-6220

(D.C. No. 5:10-CV-00054-W)
(W. D. Okla.)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

---

  Anthony R. Branch, an Oklahoma state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to challenge the district court's denial of his 28

U.S.C. § 2254 application for federal habeas relief. See 28 U.S.C. §

2253(c)(1)(A) (requiring a COA to appeal the denial of a § 2254 application).

Because Branch has failed to satisfy the standards for the issuance of a COA, we

deny his request and dismiss the matter.

### I. Background

  In 2007, Branch was convicted on one count of burglary in the second

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

degree—in violation of Okla. Stat. tit. 21, § 1435—following a jury trial in the District Court of Garfield County, Oklahoma. He was represented by counsel. During opening arguments to the jury in the sentencing phase, the government referred to the length of Branch's previous sentences for other crimes. The court declared a mistrial and dismissed the jury. Branch then waived his right to be sentenced by a jury. The trial court sentenced Branch to a twenty-year term of imprisonment.

Branch filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA), where he was represented by different counsel. His sole argument on appeal was that the trial court erred in overruling his demurrer on sufficiency-of-the-evidence grounds. The OCCA affirmed Branch's conviction and sentence. After reviewing the evidence in the light most favorable to the government, the OCCA held that "a rational trier of fact could have found the essential elements of the crime of second degree burglary beyond a reasonable doubt." ROA, Vol. 1, Pt. 1, at 64.

Branch initiated federal court proceedings on January 19, 2010, by filing a pro se petition for writ of habeas corpus and a motion for leave to proceed in forma pauperis. The district court referred the case to a magistrate judge, who concluded that Branch's petition raised claims for relief that he had not exhausted in state court. The magistrate judge recommended that the case be administratively closed rather than dismissed so that Branch could move to

2

reopen the proceedings once he had exhausted the claims in state court. The district court adopted the magistrate judge's recommendation and stayed the case.

In the meantime, Branch had returned to state court to seek postconviction relief in the Garfield County District Court. The state court denied relief on July 22, 2010, and Branch filed a notice of intent to appeal the order. Branch thought he timely filed an appeal with the OCCA on August 19, 2010. But the OCCA did not receive his appellate briefs because he mistakenly addressed them to the Oklahoma Attorney General. Branch filed a "Motion to Forward" with the OCCA in an attempt to compel the attorney general's office to forward his appeal papers to the court. The OCCA construed Branch's motion as a request for leave to pursue a postconviction appeal out of time. Relying on Rule 5.2(C) of the Rules of the Oklahoma Court of Criminal Appeals, the OCCA denied the motion. The court explained that if Branch wanted "to appeal the District Court's order denying him post-conviction relief, the proper procedure is to file an application in the District Court requesting a post-conviction appeal out of time." Id., Vol. 1, Pt. 2, at 218-19. Rather than proceeding as the OCCA had advised, Branch filed a second postconviction appeal with the OCCA. The OCCA dismissed the appeal, again relying on Rule 5.2(C), this time because Branch did not include an appeal record or a copy of the order denying him postconviction relief. Branch then returned to federal court and filed a motion to reopen habeas proceedings.

Branch's habeas petition included five grounds for relief: (1) Branch's trial

3

counsel was ineffective when she failed to obtain an expert witness on "forensic DNA testing" and made prejudicial statements to the jury, and Branch's appellate counsel was ineffective when she only raised one argument on appeal (sufficiency of the evidence) and failed to send him a copy of the trial transcript; (2) Branch was prejudiced by the state court's delay in bringing him to trial; (3) the prosecutors engaged in misconduct by failing to lay a proper foundation for the blood evidence and disclosing the length of Branch's prior sentences to the jury, causing a mistrial; (4) the state court imposed an excessive sentence and the jail fines were excessive in light of the delayed trial date; and (5) there was insufficient evidence to find Branch guilty of second-degree burglary.

The magistrate judge issued a report and recommendation that Branch's petition be denied. The report concluded that Branch had procedurally defaulted on his claims for ineffective assistance of counsel, lack of a speedy trial, prosecutorial misconduct, introduction of evidence without proper foundation, and imposition of an excessive sentence and fine. The magistrate judge concluded that the OCCA's dismissal of Branch's postconviction appeal on timeliness grounds foreclosed these claims. That dismissal "constitute[d] an independent and adequate state procedural ground barring federal habeas review." Id., Vol. 1, Pt. 2, at 346. The sufficiency-of-the-evidence claim, on the other hand, was adjudicated by the OCCA on the merits. The magistrate judge concluded that the OCCA's determination that the evidence was sufficient was a

4

reasonable application of the standard from <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979).

On August 12, 2011, the district court adopted the report and recommendation of the magistrate judge and denied Branch's petition. The court entered judgment the same day. Branch requested a COA from the district court, which the court denied.

Branch filed a timely notice of appeal and a request for COA with this court. He also filed a motion to proceed in forma pauperis on appeal.

## II. Discussion

Issuance of a COA is jurisdictional. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). Under 28 U.S.C. § 2253(c)(1)(A), a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When the district court ruled on the merits of a constitutional habeas claim, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Where the district court ruled on procedural grounds, a COA may be granted when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

5

constitutional right and . . . whether the district court was correct in its procedural ruling." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

## A. Procedurally Barred Grounds for Relief

Branch's first four claims for relief were dismissed by the district court because they were barred by independent and adequate state procedural grounds. The district court recognized that Branch raised these claims in his postconviction appeal, which the OCCA concluded was untimely.

We agree with the district court that Branch's first four grounds for relief are procedurally barred. "If a particular claim was 'defaulted in state court on an independent and adequate state procedural ground,' we recognize the state courts' procedural bar ruling and do not address the claim on the merits 'unless cause and prejudice or a fundamental miscarriage of justice is shown.'" Johnson v. Champion, 288 F.3d 1215, 1223 (10th Cir. 2002) (quoting Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995)); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991). We have previously held that "the OCCA's declination of jurisdiction" under Rule 5.2(C) of the Rules of the Court of Criminal Appeals is an independent and adequate state procedural ground that will ordinarily preclude federal habeas review. Johnson, 288 F.3d at 1226-27 n.3. While Branch's

6

procedural default may have been a product of confusion about the proper method for perfecting an appeal from the denial of postconviction relief, we note that the OCCA went out of its way to explain to Branch how he could potentially remedy the oversight, but Branch did not take the OCCA's suggested route.  See ROA, Vol. 1, Pt. 2, at 218-19 ("Petitioner's right to appeal is dependent upon his ability to prove he was denied an appeal through no fault of his own.").  We conclude that jurists of reason would not find it debatable whether the district court properly invoked this procedural bar to dispose of these claims.

## B. Sufficiency of the Evidence

Next, Branch contends that there was insufficient evidence to support his conviction for second-degree burglary.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a state court has "adjudicated a claim on the merits," we may grant relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); see also Matthews v. Workman, 577 F.3d 1175, 1180 (10th Cir. 2009), cert. denied, 130 S. Ct. 1900 (2010).  In this context, the pertinent "clearly established Federal law" requires courts to determine whether, "after viewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

The OCCA concluded on direct appeal that "a rational trier of fact could have found the essential elements of the crime of second degree burglary beyond a reasonable doubt." ROA, Vol. 1, Pt. 1, at 64. The court considered the evidence introduced at trial, which included

> [e]vidence that [Branch's] blood was found on the cash register drawer, and at the time he was apprehended, [Branch] had a bleeding cut on his wrist; that he was seen a block away from the burglarized restaurant at 1:00 a.m., crouched down and doing "something with his hands"; that upon seeing the passing police car, [Branch] fled into a nearby field and attempted to hide; that no wet spot was found on the ground where he claimed he had gone to the bathroom; and that no other individuals were seen in the area at the time and [Branch] refused to divulge any further information about "another guy["], supports the jury's finding that [Branch] broke and entered the Café and unlawfully removed the cash register drawer.

Id. Because the OCCA applied the Jackson standard in deciding Branch's sufficiency claim on direct review, "our task is limited by AEDPA to inquiring whether the OCCA's application of Jackson was unreasonable." Matthews, 577 F.3d at 1183.

The district court concluded that OCCA's resolution of this issue was consistent with the Supreme Court's standard. ROA, Vol. 1, Pt. 2, at 365. We

agree that the OCCA applied a state-law standard analogous to the one articulated in Jackson, and this was not an unreasonable application of clearly established federal law. We cannot conclude that the OCCA's determination was unreasonable in light of the evidence at trial. See Turrentine v. Mullin, 390 F.3d 1181, 1188 (10th Cir. 2004) (denying habeas relief on sufficiency-of-the-evidence grounds where "[t]he OCCA's decision . . . was neither contrary to nor an unreasonable application of Jackson; nor was it based on an unreasonable determination of the facts in light of the evidence presented."). The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." Felkner v. Jackson, 131 S. Ct. 1305, 1307 (2011) (per curiam) (quoting Renico v. Lett, 130 S. Ct. 1855, 1862 (2010)) (internal quotation marks omitted). The OCCA's ruling meets this standard.

We have reviewed Branch's application for a COA, his opening brief, the magistrate judge's report and recommendation, the district court's order, and the entire record on appeal. And we have construed Branch's filings liberally because he is proceeding pro se. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). But because Branch has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2). Jurists of reason would not debate the district court's resolution of his claims.

9

Finally, we also deny Branch leave to proceed in forma pauperis because he has failed to identify "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812-13 (10th Cir. 1997) (quoting DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991)) (internal quotation marks omitted).

## IV. Conclusion

We DENY Branch's motion to proceed in forma pauperis, DENY his application for a COA, and DISMISS the matter.

Entered for the Court

Mary Beck Briscoe
Chief Judge